UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NURSAT I. AYGEN,<br>      Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>      Defendant. | Civil Action No. 1:10-cv-00847-RCL |

## MEMORANDUM OPINION

Before the Court are plaintiff's motion for reconsideration and plaintiff's motion for sanctions. For the following reasons and after consideration of the parties' briefing and relevant legal standards, plaintiff's motions for reconsideration and sanctions will be DENIED.

### I. BACKGROUND

In 2010, the plaintiff, Ms. Nursat Aygen, brought an action *pro se* against District of Columbia Public Schools ("District") for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601.[1] This Court granted the District's motion for dismissal pursuant to Federal Rules of Civil Procedure 37(d) and 41(b) in March 2015 due to Ms. Aygen's continued failure to appear for her own deposition. ECF No. 74.

In its Memorandum and Order, the Court noted that Ms. Aygen had offered no viable defense for her failure to appear for at least four depositions. *Id.* at 4. Rather, her response to the defendant's motion to dismiss focused entirely on the scheduling of the deposition of a witness, Ms. Talley-Melvin. *Id.* The Court explicitly stated that the scheduling of Ms. Talley-Melvin's deposition "is entirely irrelevant to Ms. Aygen's failure to appear for her own deposition." *Id.*

---

[1] The Court only provides facts essential to the present motion.

1

The Court also directly rejected the plaintiff's opinion that her deposition could not occur until after Ms. Talley-Melvin's deposition was completed. *Id.* at 5.

Ultimately, the Court determined that Ms. Aygen's "continued requests for extensions of time and continued refusal to attend her own depositions ha[d] hampered the District's ability to move forward with the case" and dismissed her case with prejudice. *Id.*

## II. LEGAL STANDARD

Courts have discretion to grant relief from final judgments for five specific reasons under Federal Rule of Civil Procedure 60(b)(1)–(5): (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; and (5) the judgment has been satisfied, released or discharged; the judgment is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(1)–(5).

In order to obtain relief under Rule 60(b)(3), the moving party must show that (1) the other party engaged in fraud, misrepresentation, or misconduct; and (2) this misconduct prevented the moving party from fully and fairly presenting her case. *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

Additionally, under Rule 60(b)(6), courts may grant motions for reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain such relief, the moving party must demonstrate "extraordinary circumstances." *Marino v. Drug Enforcement Admin.*, 685 F.3d 1076, 1079 (D.C. Cir. 2012).

2

Courts should deny motions for reconsideration when it appears that "the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment." *Lightfoot v. Dist. of Columbia*, 355 F. Supp. 2d 414, 420 (D.D.C. 2005). Motions for reconsideration are generally disfavored and are considered an "unusual measure." *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (citing *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011)). "[T]he movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). Ultimately, "[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011).

### III. DISCUSSION

In her motion for reconsideration, Ms. Aygen fails to identify which subsection of Rule 60(b) applies. She appears to argue that opposing counsel engaged in some form of dishonesty but does not demonstrate that the alleged behavior qualifies as fraud, misrepresentation, or misconduct. The plaintiff also fails to demonstrate that the other party's conduct prevented her from fully and fairly presenting her case. Thus, even if the Court were to liberally interpret the plaintiff's argument as invoking Rule 60(b)(3), she has failed to meet this subsection's standard

The plaintiff also fails to demonstrate extraordinary circumstances that justify this unusual and extreme form of relief under (b)(6). In her motion before the Court, Ms. Aygen again offers no viable defense for her failure to appear at her own depositions and focuses on the scheduling of Ms. Talley-Melvin's deposition, which the Court previously deemed irrelevant. In short, she seems to be using this motion "as an instrumentality for arguing the same theory." Ms.

Aygen does not provide any reason for the Court to believe that reconsideration of its prior judgment would not be "an empty exercise or a futile gesture."

Regarding her motion for sanctions, the plaintiff neither cites to a Federal Rule of Civil Procedure that entitles her to sanctions nor states what type of relief she requests. If she addresses opposing counsel's alleged misrepresentation as a basis for sanctions, then her prayer still fails to demonstrate how this statement had any bearing on the outcome of her case or how it justifies post-judgment sanctions. Thus, the Court can find no basis in fact or law to issue sanctions in this case.

The Court has given Ms. Aygen countless chances to pursue her case. It cannot grant her yet another chance today.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motions for reconsideration and sanctions will be DENIED. A separate order consistent with this Memorandum Opinion shall issue this date, October 7, 2015.

_____
ROYCE C LAMBERTH
United States District Judge